# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EFE KULTUR and JOSE LUIS MORALES VARGAS<br><br>    Plaintiffs,<br><br>v.<br><br>ELLEN SLATTERY,<br><br>    Defendant. | Civil Action No. 1:21-cv-00093<br><br>**Jury Trial Demanded** |

## COMPLAINT

### Introduction

  Plaintiffs Efe Kultur ("Kultur") and Jose Luis Morales Vargas ("Morales," collectively, "Plaintiffs"), by and through their undersigned counsel, hereby bring this complaint against their former employer Ellen Slattery ("Defendant") based upon her knowing, willful and intentional failure to pay Plaintiffs overtime wages to which they are entitled in violation of the Fair Labor Standards Act (FLSA), the Rhode Island Payment of Wages Act (RIPWA), and the Rhode Island Minimum Wage Act (RIMWA).  Plaintiffs seek payment of back wages, compensatory damages, liquidated damages, and attorneys' fees and costs.  In support of this complaint, Plaintiffs aver as follows:

### Parties

  1. Kultur is an individual and citizen of Rhode Island who resides at 10 Spring Street, West Warwick, RI 02893.

  2. Morales is an individual and citizen of Rhode Island who resides at 740 Academy Avenue, Providence, RI 02908.

  3. Defendant is an individual and citizen of Rhode Island who resides at 63

Lawn Avenue, Warwick, RI 02888.  Defendant is the owner, President, Secretary, Treasurer, and operations manager of Gracie's Ventures, Inc. ("Gracie's") which operates a restaurant in Providence, RI.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

5. Venue is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## Facts

6. Kultur worked as a line cook for Defendant between June of 2016 and August of 2018.

7. Morales worked as a line cook for Defendant between 2007 and June of 2018.

8. At the time of their hires, Plaintiffs were expected to work 56.5 hours per week.

9. Plaintiffs each worked approximately 70 hours per week and, for approximately 6 weeks per year, worked approximately 80 to 100 hours per week.

10. Despite the fact that Plaintiffs should have been classified as non-exempt employees, they each were paid a weekly salary.

11. At all relevant times, Kultur was paid between $500 and $600 per week regardless of the number of hours he worked.

12. At all relevant times, Morales was paid $698 per week, regardless of the number of hours he worked.

13. In addition, when Plaintiffs worked private events on Sundays or Mondays

(when the restaurant was normally closed), Defendant would pay them $100 in cash for 12 or more hours of work.

14. Plaintiffs' paystubs would list 40 hours worked regardless of the actual number of hours worked.

15. Defendant is, upon information and belief, the sole owner of Gracie's and she is responsible for managing the day to day business of Gracie's.

16. Defendant was present on the premises of Gracies about 80% of the time it was open.

17. Defendant had full and complete operational control of Gracie's and created and enforced the practice by which kitchen staff were paid a weekly salary regardless of the number of hours worked.

18. In fact, when Kultur requested a raise, head chef Matthew Varga sought Defendant's approval. She denied his request for a raise.

19. Defendant was responsible for entering into agreements with third parties, on behalf of Gracie's, to provide catering services or to host private events and was responsible for creating and enforcing the practice by which kitchen staff were paid a daily wage in cash for working such events regardless of the number of hours worked.

20. Defendant had sole authority, and exercised that sole authority, to make critical decisions regarding the manner in which employees, including Plaintiffs, were paid.

21. Defendant was instrumental and necessary in causing Gracie's to violate the FLSA and the RIWPA.

22. At all relevant times, Defendant acted directly and indirectly in the interest of Gracie's in relation to Plaintiffs.

23. At all relevant times, Defendant was an agent and officer of Gracie's and employed Plaintiffs.

24. In an effort to negotiate a potential resolution of Plaintiffs' claims, on November 14, 2019, Plaintiffs entered into a Tolling Agreement with Gracie's and Defendant (the "Tolling Agreement").

25. Pursuant to the Tolling Agreement, no statute of limitations on any claim under the FLSA, the RIPWA, or the RIMWA ran against the Plaintiffs from November 14, 2019 through the present.

26. On November 30, 2020, Gracie's filed a Chapter 11 Voluntary Petition with the United States Bankruptcy Court for the District of Rhode Island.

27. Defendant has not filed a bankruptcy petition and is not subject to any stay of actions against her.

28. Defendant's refusal to pay wages, including overtime wages, was done willfully and with reckless disregard for the law.

29. The actions taken by Defendant as detailed herein were intentional, arbitrary, unreasonable, tortious, willful, wanton, reckless, and in bad faith.

30. As a result of the Defendant's actions as detailed herein, Plaintiffs have suffered damages.

## COUNT I
### (RIPWA/RIMWA – R.I. Gen. Laws §§ 28-12-19 and 28-14-19.2)

31. Plaintiff repeats and realleges Paragraphs 1-30 as if set forth in full herein.

32. Defendant is an employer as that term is defined by and interpreted under R.I. Gen. Laws §§ 28-12-2 and 28-14-1.

33. Plaintiffs routinely worked between 60 and 100 hours per week while

employed by the Defendant.

34. Defendant refused to pay any compensation, including at the overtime rate of pay, for any hours worked in excess of forty per week.

35. Plaintiffs do not qualify for any of the statutory exemptions contained in R.I. Gen. Laws § 28-12-4.3.

36. As a result of these violations of law as described herein, Plaintiffs have suffered and continue to suffer damages.

## COUNT II
### (Fair Labor Standards Act – Overtime Wages - 29 U.S.C. § 207(a))

37. Plaintiff repeats and realleges Paragraphs 1-36 as if set forth in full herein.

38. Defendant is an employer as that term is defined by and interpreted under 29 U.S.C. § 203(d).

39. Defendant and Gracie's are engaged in interstate commerce.

40. Specifically, Defendant and Gracie's regularly deal with, purchase, and sell goods moving in interstate commerce and regularly utilize the mails, emails, and other instrumentalities of interstate commerce.

41. Upon information and belief, Gracie's has annual gross revenues of more than $500,000.

42. While working for Defendant, Plaintiffs were regularly engaged in interstate commerce.

43. Specifically, Plaintiffs regularly utilized the telephone, mails, and emails, and otherwise utilized instrumentalities of interstate commerce including the handling and preparation of goods that moved in interstate commerce.

44. Plaintiffs routinely worked over forty hours per week without receipt of

5

one and a half times their hourly wage.

      45.    There is no exemption to the FLSA applicable to Plaintiffs or the Defendant.

      46.    Defendant willfully failed to pay Plaintiffs overtime wages to which they were entitled for over three years.

      47.    As a result of these violations of law as described herein, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs pray for judgment against the Defendant including: an award of actual, compensatory, and liquidated damages in an amount to be set by the jury; attorneys' fees and costs; interest thereon; and such other and further relief as to the Court seems meet and just.

## JURY DEMAND

Plaintiffs hereby demand a jury on all claims so triable.

EFE KULTUR AND LUIS MORALES

By Their Attorney,

ENRIGHT LAW LLC

/s/ Thomas J. Enright
Thomas J. Enright (#7356)
696 Reservoir Avenue
Cranston, RI 02910
(401) 526-2620
(401) 457-7117  FAX
tom@enrightlawoffice.com

DATED:  February 26, 2021